## CIRCUIT COURT OF THE CITY OF RICHMOND

Ramon P. Manning

v.

Junius Andrew Manning

January 23, 1978

Case No. A-1265

### By JUDGE MARVIN F. COLE

This matter is before the court on the Demurrer filed by the defendant, who contends that the two counts alleging slander and assault cannot be combined in one suit and that the suit should be dismissed. On the other hand the plaintiff says that he is willing for the two counts to be severed and to have two separate trials, but feels that this would be unfair to the defendant.

The facts briefly stated as alleged by the plaintiff are that the defendant called him an insulting name and hit him with an object. It is agreed between the parties that these two incidents were so close together that one could say they were simultaneous.

The court has two alternatives as to how it will handle this case. First, it can sever the two counts and try them separately. In this event there will be two separate trials based upon exactly the same evidence and there will be two separate verdicts. The damages for slander and for assault are entirely different.

Secondly, the court can try the two counts together before one jury, and by proper instructions the same jury can consider both causes of action. By special instructions they can determine the damages for slander, if any, and can consider the damages for assault, if any, and bring in an appropriate verdict.

The court has determined that the second procedure is the proper one and the one that is fairer to both parties. The jury can consider damages from both causes of action and see that there is no duplication. But the best reason for trying both counts together is that they arise out of the exact same set of facts. The problem of damages can be appropriately handled by special instructions to the jury.

In the case of *Little Stores* v. *Isenberg*, 172 S.W.2d 13 (Tenn. 1943), the Tennessee court was confronted with a suit which in separate counts alleged slander and false imprisonment. Both arose out of the same set of facts that occurred when the defendant accused the plaintiff of failing to pay for groceries at the defendant's store and detaining her therein. In this case a general verdict was brought in by the jury and no separate verdict was brought in on the respective counts. However, appropriate instructions with respect to both counts were given to the jury.

Accordingly, the Demurrer will be dismissed.